Eugene L. HANDELMAN, Appellant,

v.

Nancy L. HANDELMAN et al., Appellees.

No. A2362.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 29, 1980.

Earle S. Lilly, Lilly, Winchester & Short, Houston, for appellant.

Brenda Keen, Haynes & Fullenweider, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and PRESSLER and JUNELL, JJ.

J. CURTISS BROWN, Chief Justice.

This appeal comes from a judgment on a note executed by Gene Handelman, appellant (Gene). The trial court, sitting without a jury, awarded Nancy Handelman, appellee (Nancy), $469,655.54 plus attorney's fees and ordered foreclosure on 50,000

shares of stock held in escrow as security for the note.

On April 29, 1976, the Handelmans were divorced. Pursuant to the property settlement agreement, Gene executed a note to Nancy in the sum of $500,000.00, payable in semi–annual installments of $12,500.00, plus accrued interest at 5%, due the first of each June and December for 20 years. Gene, Nancy and Texas Commerce Bank executed an escrow agreement as part of the same transaction, whereby Texas Commerce Bank would hold, in escrow, 50,000 shares of Gene's stock in Oceaneering International, Inc. as security on the note. The note and the escrow agreement also contained an acceleration clause triggered by proper notice of default and passage of 30 days after notice without payment of the defaulted amount.

After defaulting on the June 1, 1978 payment, Gene filed suit to set aside the escrow agreement and to enjoin any transfer of the collateral on the grounds that the "terms and conditions" were "vague and ambiguous" and "coercive and punitive" because there was "no actual opportunity to cure defaults," and the agreement "simply was not just."

Gene failed to appear for depositions at the agreed and ordered time. Nancy filed a Rule 215a motion for sanctions. Nancy sent notice of default to Gene after he defaulted again, on the December 1, 1978 payment. Notice was delivered by a messenger to Gene's hand. Fifty–three days after sending notice, Nancy filed a counterclaim for judgment on the balance of the note and for foreclosure of the collateral. On May 2, 1979, the court ordered Gene's pleadings struck, both as a petition and as a Rule 82 implied general denial of the counterclaim. He does not complain of such action on this appeal.

The day before the August 1, 1979 trial, the parties stipulated "[t]hat the sum of $469,655.54, principal and interest is *due* and unpaid as of July 31, 1979, after all credits and offsets have been allowed." (Emphasis ours).

The court entered judgment for Nancy in the amount of $469,655.54 and ordered foreclosure of the security interest in the 50,000 shares of Oceaneering International, Inc. Gene appeals on the basis that there was no evidence and/or insufficient evidence of compliance with the notice requirements of the escrow agreement. His argument is that strict compliance with all terms and conditions of acceleration is required; that the notice clause specifically required that a receipt of notice be personally signed by the party being notified; that there was no receipt personally signed by Gene; that, as a result, the condition of acceleration had not been strictly complied with and the acceleration was improper; and that, therefore, the balance of the note was not due.

■ Appellant is correct that, where a note specifically provides for a particular form of notice, compliance with such provisions is a condition precedent to acceleration. *Crow v. Heath*, 516 S.W.2d 225, 227 (Tex.Civ.App.–Corpus Christi 1974, writ ref'd n.r.e.); *Brown v. Hewitt*, 143 S.W.2d 223, 227 (Tex.Civ.App.–Galveston 1940, writ ref'd). However, his construction of the notice clause–that notice is invalid without the noticed party's signature upon a receipt–is not supported by a reasonable analysis of the language employed. The clause provides as follows:

### V. Notice

Any notice to be given hereunder by either party to the other shall be in writing and shall be effected upon receipt, either by personal delivery in writing or certified mail, return receipt requested, such receipt to be personally signed by the addressee.

■ There are several types of certified mail available. For example, the sender can require that a person at the address posted sign the return receipt, or he can require that the addressee personally sign the receipt. The phrase "such receipt to be personally signed by the addressee" clearly defines the type of certified mail required by the notice clause; specifically it requires the latter type. Appellant's construction

cannot stand the test of reason; it can only result in putting the sender at the mercy of the party being notified. Such a construction should be avoided if possible. *Wood Motor Co. v. Nebel*, 232 S.W.2d 772, 776 (Tex.Civ.App.–Texarkana 1950), *modified on other grounds*, 150 Tex. 86, 238 S.W.2d 181 (1951); 13 Tex.Jur.2d *Contracts* § 111 (1960), p. 269.

There is ample evidence in the record, uncontradicted by appellant, that appellant received personal notice, hand–delivered by a messenger working for appellee's attorney, as required by the notice clause. Therefore, the note was properly accelerated.

 Regardless of our construction of the notice clause, appellant cannot prevail for two reasons. First, he stipulated prior to trial that the balance of the note and interest was then "due and payable." A stipulation is conclusive as to the facts stipulated and as to all matters necessarily included therein. *Texas Indemnity Insurance Co. v. White*, 37 S.W.2d 277 (Tex.Civ. App.–Beaumont 1931, no writ); *LeFevre v. Jackson*, 135 S.W. 212 (Tex.Civ.App. 1911, no writ). Appellant's stipulation, therefore, is conclusive on all questions involving proper notice and acceleration. Having stipulated these facts, there was no issue concerning notice or acceleration at the trial or on appeal.

Second, the trial court, pursuant to Tex.R.Civ.P. 215a, struck appellant's pleadings both as a petition and as a general denial of the counterclaim. Appellee's counterclaim allegations were undenied and were, therefore, admitted by appellant. Therefore, a judgment against appellant would have been proper upon the pleadings and the evidence. Tex.R.Civ.P. 239.

Appellee, by cross–point, prays for damages pursuant to Tex.R.Civ.P. 438, providing for the assessment of a 10% penalty against appellant should this court find that the appeal has been taken for delay and without sufficient cause. In view of the stipulations and the trial court's order striking appellant's pleadings, this case is. well within the "no sufficient cause" requirement. We are willing to say that this case also meets the "delay" requirement of Rule 438. However, if Rule 438 does not require us to assess damages for delay, we have discretion under Tex.R.Civ.P. 435 to assess damages when "the only questions raised on an unsuccessful appeal are well settled and the appellee's circumstances are such that statutory interest on the judgment is not adequate compensation for delay." *Charter Oak Fire Insurance Company v. Adams*, 488 S.W.2d 548, 551 (Tex.Civ.App.–Dallas 1972, writ ref'd n.r.e.). We find that 5% of the amount of the judgment is adequate for this purpose.

Judgment of the trial court is affirmed, with damages in delay of 5% of the original amount of the judgment ($469,655.54) or $23,482.78. Judgment interest will accrue against the original amount of the judgment from the day of judgment until the date this opinion is handed down. Hereafter, judgment interest will accrue against the original judgment amount and the penalty assessed here, or $493,138.32.

Modified and, as modified, the judgment is affirmed.