**AMOCO PRODUCTION COMPANY,**
Appellant,

v.

**TEXAS ELECTRIC SERVICE
COMPANY, Appellee.**

No. B2545.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 25, 1981.

Dean J. Capp, Melvin L. Hawkins, Amoco Production Co., Houston, James W. Bradford, Angleton, W. B. Browder, Jr., Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, for appellant.

J. A. Gooch, William B. David, Sloan B. Blair, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, Ralph W. Gilbert, Angleton, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

COULSON, Justice.

Amoco Production Company appeals from an order sustaining the plea of privilege of appellee, Texas Electric Service Company, to be sued in Tarrant County, Texas. We reverse and remand the case to Brazoria County, Texas, for trial on the merits.

The cause of action originated when plaintiffs, owners of royalty interests under oil and gas leases covering the Old Ocean Field in Brazoria and Matagorda Counties, sued Amoco and other working interest owners for damages for failure to pay royalties pursuant to their lease agreements. Amoco Production Company, as cross-plaintiff and in its capacity as operator, filed its cross-action against Cleveland Davis, Cleveland Davis, Jr., Trustee of the Cleveland Davis, Jr. Trust, Cleveland Davis, Jr., Trus-

tee of the James Ripley Davis Trust, A. E. Amerman, Jr., Joseph W. Moore, Edward V. Ryan, Trustee, The First National Bank of Chicago, and the University of Chicago, as carried working interest owners (hereinafter referred to as the Amerman-Davis Working Interests). Amoco also sued Texas Electric Service Company (Tesco), purchaser of the gas produced from the Old Ocean Field, which became the third-party defendant. Amoco brought this cross-action and third-party action in Brazoria County, Texas. Tesco filed a plea of privilege to be sued in the county of its domicile, Tarrant County, Texas. Amoco controverted the plea of privilege of Tesco, asserting that venue was proper in Brazoria County, Texas, under subdivisions 4, 23, and 29a of Art. 1995. The court sustained Tesco's plea of privilege. The cause of action against Tesco was severed and ordered transferred to Tarrant County, Texas.

■ Appellant, Amoco, now appeals from the sustaining of Tesco's, appellee's, plea of privilege and the severance of the cause of action against Tesco. In presenting this complaint, Amoco first relies on the Uniform Declaratory Judgments Act, Art. 2524–1, and subdivision 4 of Art. 1995. The Declaratory Judgments Act provides that the courts shall have power to declare rights and legal relations whether or not further relief is claimed. Amoco more specifically relies on section 11 of the Act which states, "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." Tex.Rev. Civ.Stat.Ann. art. 2524–1 (Vernon 1965). This section of the Act does not fix venue of suits brought under its terms and it does not extend or limit the exceptions in the venue statute. *Atlas Assurance Co. v. Houston Fire & Casualty Ins. Co.*, 324 S.W.2d 943 (Tex.Civ.App.—Amarillo 1959, writ dism'd). Therefore Amoco must be able to sustain venue under one of the subdivisions of Art. 1995 and cannot rely solely on the Uniform Declaratory Judgments Act.

Amoco argues that subdivision 4 of Art. 1995 allows it to retain venue of the lawsuit against Tesco in Brazoria County, Texas. Subdivision 4 provides in part, "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." Tex. Rev.Civ.Stat.Ann. art. 1995 § 4 (Vernon 1964). The venue facts required under subdivision 4 are that (1) one defendant resides in the county where the suit is brought, (2) the party asserting the plea of privilege is at least a proper party to the claim against the resident defendant, and (3) the plaintiff has a bona fide claim against the resident defendant. *McCormick v. Hines*, 498 S.W.2d 58 (Tex.Civ.App.—Amarillo 1973, writ dism'd).

■ The first of the venue facts, that one defendant resides in the county of suit, must be proved by affirmative evidence upon the hearing. *Stockyards Nat. Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936). Proof of this venue fact is not made by the allegations of the petition or controverting affidavit. *Id.* at 1302. Amoco claims that Cleveland Davis and Cleveland Davis, Jr., were residents of Brazoria County, Texas, the county in which suit was brought by Amoco. In the statement of facts from the plea of privilege hearing, the parties stipulated that the Davises were residents of Brazoria County, Texas. By this stipulation, Amoco has proved the first required venue fact for subdivision 4. Stipulations are favored by courts and as a general rule, valid stipulations are binding on the parties. *New v. First National Bank of Midland*, 476 S.W.2d 121 (Tex.Civ.App.—El Paso 1971, writ ref'd n. r. e.). Stipulations comprising the record will be observed and the reviewing court is bound by the stipulation. *Id.* at 122.

■ To sustain venue under subdivision 4, Amoco must also show that Tesco is at least a proper party to the claim against the resident defendants (Davises). Proof of this venue fact is supplied by the plaintiff's (Amoco's) petition for it is the best evidence of the nature of the action. *Stockyards*

*Nat. Bank v. Maples*, 95 S.W.2d at 1302. Amoco must have alleged a joint cause of action against the resident and nonresident defendants "or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits." *Id.*

■■■ Although this court is not to examine the merits of the case, the facts must be outlined to determine whether Amoco has satisfied this venue fact. Plaintiffs, royalty owners, sued operator Amoco and the working interest owners, alleging that plaintiffs were entitled to a royalty based on the market value of the gas when purchased. Plaintiffs claim they were paid at a rate less than market value. Appellant Amoco, as cross-plaintiff, sued the working interest owners and Tesco for a declaratory judgment, asking that the court declare the rights of the parties under numerous agreements. Appellant Amoco asserted that as operator of the Old Ocean Field, it was obligated to sell the gas of the carried working interest owners (if they did not take the gas in kind) along with its gas and at the prices applicable under its gas contracts. Amoco had a contract with appellee, Tesco, for the sale of the gas to Tesco. Amoco sold the gas of the Amerman-Davis Working Interests to Tesco for a number of years. Amoco was notified in 1975 by the Amerman-Davis group that they be permitted to take their gas in kind. Tesco was notified but asserted valid contractual rights to the gas. Tesco also informed Amoco that if Amoco allowed the gas to be diverted from Tesco that Tesco would require Amoco to supply it with additional gas as a substitute. In 1976, Amoco advised the Amerman-Davis Working Interests if Amoco was directed by them to deliver their gas to other than Tesco, Amoco would do so at the working interest owners' risk. Amoco asserted in its petition that it later received an agreement between Tesco and the Amerman-Davis Working Interests in which Tesco had released its claim to the Amerman-Davis Working Interests' gas. The release was retroactive to 1968. This varied from the prior representations of Tesco that Tesco was entitled to the gas. The Amerman-Davis group will claim, according to Amoco's petition, that Amoco and Tesco amended their gas sales contract in 1968 and since the Amerman-Davis group was not a party to the amendment, the Amerman-Davis gas was no longer committed to Tesco. Due to the prior representations by Tesco to Amoco that it was entitled to the Amerman-Davis gas, the representation by the Amerman-Davis group that Tesco was not entitled to its gas, and the subsequent release by Tesco of its rights to the gas, Amoco seeks a declaratory judgment and indemnity or contribution from Tesco for any liability it may have to the Amerman-Davis Working Interests or to the royalty owners. We hold that Amoco's petition demonstrates that Tesco is at least a proper party to the claim against the Davises, the resident defendants. The "proper party" test is defined in terms of avoiding a multiplicity of suits. *Asch Advertising v. Song Corp. of America*, 569 S.W.2d 619 (Tex.Civ.App.—Waco 1978, no writ). When the plaintiff's petition shows the cause of action against the resident and nonresident defendants grew out of the same transaction or a series of closely related events and are so intimately connected they should be joined to avoid a multiplicity of suits, the nonresident defendant is a proper party within subdivision 4. *Id.*

■■■ The third venue fact under subdivision 4, that plaintiff must plead and prove a cause of action against the resident defendant, has been added by judicial construction. *Stockyards Nat. Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936). Therefore, to sustain venue in Brazoria County, Amoco had to plead and prove a cause of action against the Davises. The cause of action plead by Amoco against the Davises was one for declaratory judgment. To satisfy the Declaratory Judgments Act, it is only necessary that Amoco show a justiciable, actual, and bona fide controversy exists. *Harris County Tax Assessor-Collector v. Reed*, 210 S.W.2d 852 (Tex.Civ.App.—Austin 1948, no writ). The cause of action

is neither legal nor equitable but *sui generis*. *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709 (1945). The Act specifically provides that it is to afford relief from uncertainty and insecurity with respect to rights and it is to be liberally construed. Tex.Rev.Civ.Stat.Ann. art. 2524–1, § 12 (Vernon 1965).

■ This case is proper for a declaratory judgment. The record shows that Amoco has proven a real controversy exists between it and the resident defendants. Amoco claimed a right and responsibility by various agreements to sell the gas of the Davises to Tesco. Dean J. Capp, attorney for Amoco Production Co., testified that Amoco is the operator of the field and invoices Tesco for all working interest owners and carried working interest owners. Capp also outlined in his testimony the conversations between Capp and Davis, Amerman, and Moore, in which Capp was informed that the Davis group wanted their gas in kind. Capp informed Tesco of the demand by the Davises and the Davises' position that they were not bound to sell to Tesco. Tesco, however, asserted its contractual rights to the gas. Capp also testified that he later unexpectedly became aware of the release in which Tesco relinquished any claim to the Davises' gas as of 1968. The Davis group then sued Amoco, claiming increased payments for their carried working interest gas, on the same basis asserted by the royalty owners. Amoco had remitted payment for many years to the Davis group based on the Tesco contractual terms and prices. Amoco has sufficiently proven a real controversy between it and the Davises, the resident defendants, and has therefore proven the third required venue fact under subdivision 4.

Since we sustain Amoco's first and second points of error, we find it unnecessary to determine if venue was proper in Brazoria County under subdivisions 23 or 29a to Art. 1995. We reverse the judgment of the trial court sustaining Tesco's plea of privilege and transferring the cause against Tesco to Tarrant County. We remand the case to Brazoria County, Texas, for trial on the merits.

Reversed and remanded.