**GEO–WESTERN PETROLEUM
DEVELOPMENT, INC.,
Appellant,**

v.

**Judge MITCHELL, Appellee.**

**No. 10–86–017–CV.**

Court of Appeals of Texas,
Waco.

Sept. 18, 1986.

John Hand, Waco, for appellant.

Robert G. Carter, Marlin, for appellee.

HALL, Justice.

Appellee Judge Mitchell pleaded in the trial court for removal of a cloud cast upon his title to fifty acres in Falls County by an oil and gas lease. Appellee was the lessor of the lease and appellant Geo-Western Petroleum Development, Inc., was the successor in interest of the original lessee by a quitclaim conveyance. The form of the lease was one commonly used in Texas and contained a habendum clause that provided for a primary term of one year and as long thereafter as oil, gas or other minerals were produced from the land or as long as the lease was continued in effect as otherwise provided therein. Another clause provided, in effect, that if production should cease from any cause after expiration of the primary term the lessee must commence operations for drilling or reworking within sixty days after such cessation or the lease would terminate. Appellee claimed in the trial court that the lease expired under its terms because production ceased after the primary term and no operations for drilling or reworking had been commenced within sixty days.

The case was tried to a jury. However, at the conclusion of the evidence, the trial court withdrew the case from the jury and rendered judgment for appellee.

Appellant presents three points of error. The first two question the legal sufficiency and the factual sufficiency of the evidence to support the trial court's implied finding that production had ceased for a period of more than sixty continuous days after the primary term of the lease. The third assigns error to the judgment on the ground that the uncontroverted evidence established that the wells on the lease "had been producing during the interim" and that a reasonable operator could have operated the lease for a profit. We overrule these points of error, and we affirm the judgment.

The judgment contains these recitals:

After both parties appearing had rested, it was stipulated that production on the lease in question ceased after its primary term and that no operations for drilling or reworking were commenced within 60 days after the cessation of such production, and that a reasonably prudent operator could have produced oil in paying quantities and made a profit from his operations during the 60–day period.

Intervenor Judge Mitchell made a motion for a directed verdict and the court, having considered the evidence and stipulations, finds that there are no fact issues and that intervenor is entitled to a judgment as a matter of law.

The statement of facts reflects this colloquy between counsel for the parties and the court immediately after the closing of the evidence:

APPELLEE'S COUNSEL: The plaintiff makes this motion for an instructed verdict because all the testimony shows that there was a cessation of production after the primary term of more than sixty days during which no re-working operations or drilling operations were commenced, and that the lease expired under its own terms.

THE COURT: Both of you agree there is nothing for the jury to answer?

APPELLANT'S COUNSEL: That is exactly right, Your Honor.

THE COURT: The question is before the Court that all the facts have been developed, and your contention is that the lessee, if it can be produced in paying

quantities, is absolutely under no obligation to produce the well at all.

APPELLANT'S COUNSEL: No, that is not my contention. It is a little different. I'm saying the burden of proof is upon the plaintiff to prove that for the time period we are talking about, which is a little over sixty days, sixty to ninety days, that a reasonable and prudent operator could have operated the lease at a profit.

■ It is settled that the parties may agree on the truth of specific facts by stipulation and by this method limit the issues to be tried. 53 Tex.Jur.2d 333, 335, Stipulations § 17 and § 19. Such agreements on the facts are binding upon the parties thereto, upon the trial court and upon this court. *Jeter v. Radcliff Finance Corp.,* 247 S.W.2d 186, 187 (Tex.Civ.App.— Galveston 1952, writ ref'd n.r.e.). In our case appellant does not assert that it did not make the stipulations set forth in the judgment including the one about cessation of production for a period of more than sixty continuous days after the primary term. Under the authorities cited above, the stipulation and the implied finding based on it are not subject to the attacks of insufficient evidence now raised by appellant. In any event, we believe the evidence established without dispute that production did cease after the primary term and that no drilling or reworking operations were commenced within sixty days thereafter. The lease was dated September 9, 1981. Appellee testified that on July 3, 1985, he cut off the pumps on the property "because they were making a mess out there"; that Dakota Drilling Company, the operator, made no objection; and that no oil was produced after July 3, 1985, other than "a jug of oil, once in a while," and oil "pushed by gas" onto the ground. The word "production," as used in the lease before us, means production of oil or gas in paying quantities. *Garcia v. King,* 139 Tex. 578, 164 S.W.2d 509, 511 (1942); 42 Tex.Jur.2d 453, 454, Oil and Gas § 214.

■ Ordinarily, where a lessor seeks termination of the lease under the habendum clause on the ground that production has ceased after the primary term, the lessor must prove: (1) that the lease had ceased to produce in paying quantities in that the lessee was not making a profit from the lease, and (2) that a reasonably prudent operator would not have continued to operate the well under similar circumstances. *Skelly Oil Company v. Archer,* 163 Tex. 336, 356 S.W.2d 774, 783 (1962). However, if the lease has been maintained after the end of the primary term by production, a sixty-day provision like the one in the lease before us will be brought into play by a cessation of such production. *Stanolind Oil & Gas Co. v. Newman Brothers Drill. Co.,* 157 Tex. 489, 305 S.W.2d 169, 172 (1957). The lease before us provided that upon the cessation of production for any cause after the primary term, the lease terminated unless the lessee commenced additional drilling or reworking operations within sixty days thereafter. The evidence conclusively established the cessation of production and the fact that appellant did not commence the additional drilling or reworking operations within sixty days thereafter. Thus, the lease terminated by its own provision and there was no principle of forfeiture involved. *Woodson Oil Company v. Pruett,* 281 S.W.2d 159, 164–65 (Tex.Civ.App.—San Antonio 1955, writ ref'd n.r.e.). The fact that a reasonably prudent operator could have produced oil in paying quantities and made a profit from his operations during the sixty-day period was immaterial since the lease terminated by its own special provision. *Sunray DX Oil Company v. Texaco, Inc.,* 417 S.W.2d 424, 428–29 (Tex. Civ.App.—El Paso 1967, writ ref'd n.r.e.).

Appellant's points and contentions are overruled. The judgment is affirmed.