In re Wayne POER a/k/a Robert Wayne Poer, Debtor.

**Bankruptcy No. 586–50065.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

July 17, 1987.

Mike Calfin, Strasburger & Price, Lubbock, Tex., for debtor.

Max Tarbox, McWhorter, Cobb & Johnson, Lubbock, Tex., for trustee.

## MEMORANDUM OF OPINION

### CONCERNING MINERALS CLAIMED AS HOMESTEAD

JOHN C. AKARD, Bankruptcy Judge.

This case presents the question whether a Debtor may claim an interest in minerals underlying land as part of his exempt homestead where the Debtor does not own a surface interest.

### Facts

On May 7, 1980 Wayne Poer (Debtor) received an undivided one-half interest in the oil, gas and other minerals located in:

the south one-half, Section 140, Block 12, E.L. & R.R.R.R. Co. Survey, Lynn County, Texas, said property containing 328.-02 acres

by proper conveyance as a gift from his parents. The Debtor's father owns the surface and it is leased to a tenant for agricultural purposes.

The Debtor owns in fee a four-acre tract adjoining the above described property and resides on the tract.

On February 20, 1986 the Debtor filed for relief under Chapter 7 of the Bankruptcy Code and claimed the four-acre tract and his one-half interest in the minerals as his exempt homestead. The Trustee does not object to the claim of the four acres as exempt, but does object to the claim of the interest in the minerals.[1] The minerals are not presently leased for oil and gas production.

### Rural Homestead

The Texas Constitution article XVI, § 51 defines a rural homestead as follows:

> The homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon; ... provided, that the same shall be used for the purposes of a home, or as a place to exercise the calling or business of the homestead claimant, whether a single adult person, or the head of a family; provided also, that any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired.[2]

TEX. CONST. art. XVI, § 51 (Vernon Supp. 1987).

### Discussion

■ Under Texas law, oil and gas in place are realty and become personalty when severed from the land by production. Royalty (which is payable to the owner of the minerals), oil payments and bonus payments are interests in realty because such rights represent interests in the oil and gas still in place on the property. *Phillips Petroleum Co. v. Adams,* 513 F.2d 355, 363 (5th Cir.1975). Thus, the interest presently held by the Debtor in the minerals is real property and the royalty to which he would be entitled upon leasing the minerals is also real property.[3]

■ The Texas Supreme Court has held that where the homestead claimant owns the surface of the land, the homestead exemption extends to the minerals owned by the homestead claimant under that land. *Thompson v. Thompson,* 149 Tex. 632, 236 S.W.2d 779 (1951); *Rancho Oil Co. v. Powell,* 142 Tex. 63, 175 S.W.2d 960 (1943). *See also, Evans v. Mills,* 67 F.2d 840 (5th Cir.1934). The parties cite no Texas case, nor has the Court found one which addresses the claim of homestead where the Debtor did not own the surface of the land as well.

The portion of the Texas Constitution cited above requires that the homestead "be used for the purposes of a home, or as a place to exercise the calling or business of the homestead claimant...." The Texas Property Code § 41.002 uses a more limited phrase in defining a homestead stating, "If used for the purposes of a rural home, the homestead shall consist of: ...." TEX.PROP.CODE ANN. § 41.002 (Vernon Supp.1987).

The Texas Courts require actual occupancy of the property as a home or an intent to occupy the property as a homestead coupled with acts of preparation manifesting such intent. *Karr v. Cockerham,* 71 S.W.2d 905 (Tex.Civ.App.—Amarillo 1934, *writ dism'd* ). 107 S.W.2d 719 Tex. Civ.App.—Amarillo 1937, *writ dism'd* ). It

---

1. The emotional element is that the land in question has been in the Debtor's family for 45 years.

2. The Trustee apparently concedes that the Debtor is entitled to a rural homestead. The Texas Property Code § 41.002 makes a distinction on rural homesteads between a family, which is allowed 200 acres, and a single adult person, who is allowed 100 acres. Presumably the Debtor is the head of a family and thus entitled to the larger exemption.

3. In his brief, the Debtor notes that § 41.002 of the Texas Property Code refers to the homestead as an interest in land, whereas the prior statute (which was then § 41.001 of the Texas Property Code) referred to it as an interest in real property. The significance of this distinction, if any, escapes the Court.

takes more than mere intent to constitute a homestead. *Markum v. Markum,* 210 S.W. 835 (Tex.Civ.App.—Amarillo 1919, writ dism'd).

> The framers of our organic law had no thought of exempting 200 acres of land in the country as a home for each family, upon which its members might reside, when they thought proper, but this exemption is only in the event such lands are used for the purpose of a home. The exemption is not of any definite number of acres, but of the home, and the number of acres is a limitation placed upon that home.

*Cocke v. Conquest,* 120 Tex. 43, 35 S.W.2d 673, 678 (1931).

The Debtor asserts that when property is leased for mineral development, royalty income is available for the support of the family. In 1908, in what is apparently the landmark case in this area, the Texas Supreme Court denied a claim of homestead on land that was leased to yearly tenants on a crop share basis even though the landlord's share of the crop had been hauled to his residence and used to support the family. *Autry v. Reasor,* 102 Tex. 123, 113 S.W. 748 (1908). The *Autry* Court stated: "[B]efore a homestead can be claimed upon land, it must be used for some one purpose of a home, either by cultivating it, using it directly for the purpose of raising family supplies, or for cutting firewood and such like," *Id.* 113 S.W. at 748. *See also, Blackwell v. Lasseter,* 203 S.W. 619 (Tex.Civ.App.—El Paso 1918), *aff'd* 227 S.W. 944 (Tex.Comm'n App.1921, judgmt adopted) (land leased on crop shares was not homestead); *Vaughn v. Vaughn,* 279 S.W.2d 427 (Tex.Civ.App.—Texarkana 1955, *writ ref'd n.r.e.*) (land rented to others cannot be claimed as homestead).

The Court is aware of contrary authority with respect to rented land. In *Woodward v. Sanger Bros.,* 246 F. 777 (5th Cir.1918) *cert. denied,* 246 U.S. 674, 38 S.Ct. 425, 62 L.Ed. 932, the Debtor, who was too old to farm, was allowed to claim land which had been rented on a cropshare basis as homestead. The dissent in *Vaughn, supra* stated that the reasoning in *Woodward* should be followed, but the Texas Supreme Court refused a writ of error, seeing no reversible error in the Court of Civil Appeals holding which followed *Autry, supra.*

In *Baldeschweiler v. Ship,* 21 Tex.Civ. App. 80, 50 S.W. 644 (1899, no writ), the Court also allowed land which had been leased out by a person who was too old to farm it as exempt homestead. The Texas Commission of Appeals in *Blackwell, supra* pointed out that the land in *Ship* had been purchased with the proceeds of the sale of other homestead property and limited *Ship* to the facts of that case.

Crop share cases in which the landlord could actually use the products of the land for the benefit of the family present a much stronger case for a finding of homestead than royalty income. However, the Texas Supreme Court has held that property leased on crop shares should not be considered the landlord's homestead. *Autry, supra.*[4] This Court is obligated to follow the Texas Courts on matters of property law. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

To allow the Debtor to exempt as homestead the mineral interest in land which he does not own would be tantamount to allowing him to exempt 200 acres in the country regardless of its use. That is not the mandate of the Texas Constitution which exempts a homestead up to a maximum of 200 acres.

Order accordingly.[5]

---

4. The Wyoming Supreme Court reached the same conclusion concerning mineral interests on homestead property in *Burnell v. Roush,* 404 P.2d 836, 841 (Wyo.1965).

5. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014.