**Brian Michael PERRY, Appellant,**

v.

**Danny Joe BROOKS and Greater Houston Transportation Co., Appellees.**

No. B14–90–0713–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 4, 1991.

J. Martin Clauder, C.K. Stephenson, Houston, for appellant.

Tom A. Dickens, Carla Bennett, James Gascoyne, Houston, for appellees.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Appellant, plaintiff below, appeals from a judgment which awarded damages against defendant Brooks but denied plaintiff any recovery from defendants Yellow Cab of Houston, Inc., Greater Houston Transportation Company and Houston Cab Company. Perry, driving a Schott's Bakery truck, and Brooks, driving a taxicab owned by Greater Houston Transportation Company and subleased by Brooks from Houston Cab Company, were involved in a collision in which Perry sustained personal injuries.

Trial was to the court. Brooks was found to be ninety per cent negligent and Perry ten per cent negligent. The court found past and future damages to Perry in the amount of $25,000.00. The court reduced these damages by $2,500.00 for Perry's negligence and $13,000.00 for prior payment by defendants to the workers' compensation carrier for Schott's Bakery. The net amount awarded Perry in the judgment was $9,500.00 plus prejudgment interest.

Appellant brings two points of error: 1) defendant Greater Houston Transportation Company should have been held liable, as a matter of law, for the negligence of Brooks because it was the permit holder of the leased taxicab at the time of the collision, and was statutorily responsible under the Houston City Code; 2) the trial court erred in excluding from evidence bills for medical treatment in the aggregate amount of $11,024.04. We affirm.

## CITY ORDINANCE

■ Appellant urges that provisions of the Houston City Code impose strict liability for the tortious acts of cab drivers, committed in the course and scope of their employment, upon the holder of a permit issued for the operation of taxicabs within the City of Houston, here Greater Houston Transportation Company. In his brief Perry relies exclusively upon City of Houston Ordinance, Section 46–17, which provides that:

Authorized Operators

No taxicab for which a permit has been issued under this article shall be operated by anyone except the permittee or an employee of the permittee or other person who may be operating such vehicle under a written agreement specifically incorporating therein such rules, regulations and conditions as may be required by the director. The permittee shall be responsible for anyone operating under his permit whether he be an employee or another person operating under such written agreement. Any person driving or operating a taxicab upon the streets or other public property of the city is presumed to be an employee of the permittee or to have entered into such written agreement.

Perry contends that the ordinance, construed as a whole, creates a master-servant relationship by requiring a written agreement between the driver and permit holder, imposes responsibility on the permit holder for negligent acts of the driver and creates a presumption of an employer-employee relationship. The Texarkana Court of Appeals addressed the issue of strict liability under this ordinance in *Phillips v. McIntyre*, 783 S.W.2d 261 (Tex.App.—Texarkana 1989) *rev'd*, 801 S.W.2d 523 (Tex.1990). The court held that Section 46–17, considered in its entirety, was "regulatory only and not ... imposing strict tort liability." *Id.* at 263.

The court reasoned that transferees of the permit holder's rights are authorized by the code to operate within the code's regulations, but the permit holder remains responsible for the transferee's compliance with those regulations. It is only for that purpose that the statutory presumption of the employment relationship is to be applied. *Id.*

■ The Texas Supreme Court affirmed that portion of the court of appeals holding that addressed strict liability and agreed that provisions of the Houston City Code governing taxicabs do not impose absolute liability on a cab company for the torts of its drivers. *Greater Houston Transporta-*

*tion Co. v. Phillips*, 801 S.W.2d 523, 524 (Tex.1990).

Appellant contends at oral argument that statutory liability imposed by the Houston City Code subsumes all other bases for finding a master-servant relationship. Perry raised no issue and adduced no evidence at trial of other grounds upon which to establish vicarious liability and may not be heard to argue for the first time on appeal that, in fact, an employer-employee or other agency relationship existed between Brooks and Greater Houston Transportation Company. *PGP Gas Products, Inc. v. Fariss*, 620 S.W.2d 559, 560 (Tex.1981); *Golden Villa Nursing Home, Inc. v. Smith*, 674 S.W.2d 343, 353 (Tex.App.— Houston [14th Dist.] 1984, writ ref'd n.r.e.). Appellant's first point of error is overruled.

### EXCLUDED EVIDENCE

■ Perry next contends that evidence of medical costs incurred as a result of his injuries was improperly excluded. However, the record is clear that the parties stipulated that reasonable and necessary medical bills in this case are in the amount of $3,000.00. The court properly excluded the medical bills because they conflicted with the stipulation and thus were irrelevant. Evidence conflicting with agreed stipulations is inadmissible. *Allen v. Allen*, 704 S.W.2d 600, 605 (Tex.App.—Fort Worth 1986, no writ).

■ It is a settled rule that parties may agree on the truth of specific facts by stipulating them, thereby limiting the issues to be tried and binding themselves, the trial court and the court of appeals. *Geo–Western Petroleum Development, Inc. v. Mitchell*, 717 S.W.2d 734, 736 (Tex.App.—Waco 1986, no writ). When stipulations comprise the record of the trial court, they will be observed and the reviewing court is bound by those stipulations. *Amoco Prod. Co. v. Texas Elec. Serv. Co.*, 614 S.W.2d 194, 196 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). Stipulations are conclusive as to the facts stipulated and to all matters necessarily included therein. *Handelman v. Handelman*, 608 S.W.2d 298, 301 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). A stipulation is an agreement, admission or concession made in the course of a judicial proceeding by parties or their attorneys and may be used to fix, limit or modify the issues to be tried. *First Nat. Bank in Dallas v. Kinabrew*, 589 S.W.2d 137, 142 (Tex.Civ.App.— Tyler 1979, writ ref'd n.r.e.). As such, stipulations enjoy equal dignity with judicial admissions, which eliminate an adversary's necessity of proof and *establish the admitted elements as a matter of law*. *Valdes v. Moore*, 476 S.W.2d 936, 940 (Tex. Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.).

Appellant contends that evidence of more than $11,000.00 in medical bills would not have contradicted the stipulation. The stipulation dictated to the court reporter by appellant's attorney and expressly agreed to by appellee's attorney is in the record before this court and reads as follows:

MR. CLAUDER: And we also had another stipulation that reasonable and necessary medical bills in this case are $3,000.00.

MR. DICKENS: Stipulated.

Appellant contends that for evidence of over $11,000.00 in medical bills to have contradicted the stipulation, the stipulation would have to read as follows: "It is stipulated that *only* $3,000.00 in reasonable and necessary medical costs were incurred."

Appellant says the stipulation actually made by the parties "either (a) by its express terms did not exclude evidence of medical costs exceeding $3,000.00 or (b) is ambiguous." We disagree with appellant. The stipulation is clear, unambiguous and precluded admission into evidence of the medical bills offered by appellant.

■ Appellant argues in his brief that the trial court's failure to file findings of fact and conclusions of law resulted in a presumption of harm and that judgment should be reversed unless the record affirmatively shows that no prejudice resulted to him. Appellant has not included any point of error complaining of the trial court's failure to file findings of fact and conclusions of law. Therefore, appellant

has failed to preserve any error concerning such failure. Tex.R.App.P. 74(d).

Furthermore, in light of our discussion and ruling on both of appellant's points of error, there were no fact issues concerning liability of Greater Houston Transportation Company or the amount of recoverable medical bills. Therefore, the record affirmatively shows that appellant suffered no harm by the court's failure to file findings of fact and conclusions of law. Under these circumstances the trial court's failure to file findings of fact and conclusions of law would not require a reversal of the judgment. *See Joseph v. Joseph*, 731 S.W.2d 597 (Tex.App.—Houston [14th Dist.] 1987, no writ). Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.