**Rosie URBAN and Ernest Marshall, Appellant,**

v.

**Herlinda B. CANADA, Appellee.**

**No. 04–97–00540–CV.**

Court of Appeals of Texas, San Antonio.

Jan. 30, 1998.

Paul D. Palmer, Asst. Atty. Gen., Tort Litigation Division, Austin, for Appellants.

Randall Palmer, III, for Law Offices of Randall Palmer, III, San Antonio, for Appellee.

Before LÓPEZ, GREEN and DUNCAN, JJ.

## OPINION

GREEN, Justice.

This interlocutory appeal questions whether a plaintiff bars her own claims against governmental employees when she dismisses the government from her lawsuit. Because we answer this question affirmatively, we reverse and render the trial court's order denying summary judgment to the governmental employees.

### Background

The appellee, Herlinda B. Canada, sued the appellants, Rosie Urban and Ernest E. Marshall, her supervisors at the San Antonio State Hospital, for statements they made about appellant while working at the hospital. She specifically based her cause of action on section 73.001 of the Texas Civil Practice and Remedies Code, regarding libel. Although Canada named the hospital as a defendant, she did not allege it acted wrongfully, and she did not invoke the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997) (negating common law immunity for governmental units).

In its original answer, the hospital generally denied Canada's allegations, claimed sovereign immunity, and specially excepted to Canada's failure to state a claim under the TTCA. Thereafter, Canada moved to dismiss the hospital with prejudice, and the trial court did so. Neither the motion nor the order provides a reason for the dismissal.

The individual defendants then moved for summary judgment on the basis that further action was barred by section 101.106 of the Texas Civil Practice and Remedies Code, an immunity provision of the TTCA. Canada argued against the applicability of section 101.106 because she never invoked the TTCA when she named the hospital as a defendant. The trial court denied the motion for summary judgment, and Urban and Marshall appealed.[1]

### Standard and Scope of Review

In a motion for summary judgment, the movant has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). Evidence favorable to the nonmovant is taken as true, and every reasonable inference in favor of the nonmovant will be resolved in its favor. *Id.* at 548–49. When a defendant moves for summary judgment on an affirmative defense, like section 101.106, the defendant must conclusively prove each element of the defense as a matter of law. *See City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

### Discussion

Urban and Marshall contend the trial court erred in denying their motion for summary judgment because section 101.106 of the Texas Civil Practice and Remedies Code bars further action against them, regardless of whether Canada's suit was specifically brought under the TTCA. We agree.

Generally, governmental units are immune from suit; however, this immunity is waived in certain instances by the Texas Tort Claims Act. *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997) (describing liability), *with id.* § 101.057 (retaining immunity for intentional torts). The TTCA also extends immunity to governmental employees. *See generally Gross v. Innes,* 930 S.W.2d 237, 239 (Tex.App.—Dallas 1996, writ

granted). For example, section 101.106 provides:

> A *judgment* in an action or a settlement of a claim *under this chapter **bars*** any action involving the *same subject matter* by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

Tex. Civ. Prac. & Rem.Code Ann. § 101.106 (Vernon 1997) (emphasis added); *see also Newman v. Obersteller,* 40 Tex. Sup.Ct. J. 497, 498, 960 S.W.2d 621, 622 (1997).

As Canada's petition demonstrates, her claims against the hospital and her co-workers involve "the same subject matter." Additionally, Canada admits her dismissal of the hospital with prejudice qualifies as "a judgment" for purposes of section 101.106. *See Mossler v. Shields,* 818 S.W.2d 752, 754 (Tex. 1991) (holding dismissal with prejudice to be a determination on the merits); *see also Gonzalez v. El Paso Hosp. Dist.,* 940 S.W.2d 793, 795 (Tex.App.—El Paso 1997, no writ) (not requiring judgment under section 101.106 to be rendered *against* government). The issue, therefore, is whether the dismissal with prejudice is a judgment under the TTCA. *See Thomas v. Oldham,* 895 S.W.2d 352, 355, 357 (Tex.1995) (referring to "this chapter" as the TTCA); *see also White v. Annis,* 864 S.W.2d 127, 130–31 (Tex.App.— Dallas 1993, writ denied) (explaining that the cause of action against the employee need not arise under the TTCA).

Canada contends the TTCA was never invoked because it was not specifically mentioned in her petition, her motion to dismiss, or the dismissal order. Pleadings, however, may invoke statutes without naming them. *See, e.g., Dohrn v. Delgado,* 941 S.W.2d 244, 248 (Tex.App.—Corpus Christi 1996, n.w.h.) (invoking Family Code); *Gardner v. Best Western Int'l, Inc.,* 929 S.W.2d 474, 478 (Tex.App.—Texarkana 1996, writ denied) (invoking foreign law). In this case, Canada's only source of relief against the hospital lay in the waiver of immunity as expressed in the TTCA. *See Bell v. Love,* 923

---

1. Our jurisdiction is based on Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(5) (Vernon Supp. 1998). *See also Newman v. Obersteller,* 960

S.W.2d 621, at 622 (April 18, 1997) (holding § 101.106 to be an immunity statute subject to interlocutory appeal).

S.W.2d 229, 231–32 (Tex.App.—Houston [14th Dist.] 1996, no writ).[2] Although not explicitly mentioned, Canada invoked the TTCA by naming the hospital as a defendant. *See id.* at 230–32. Accordingly, when Canada dismissed the hospital from her lawsuit, she did so "under" the TTCA. Therefore, by operation of section 101.106, Canada's claims against the individual defendants were barred, and the trial court erred in denying them summary judgment.

### Conclusion

We sustain the point of error and reverse the trial court's order denying summary judgment. Because section 101.106 of the Texas Civil Practice and Remedies Code bars Canada's suit against Urban and Marshall, we render judgment that Canada take nothing from her suit against them.

---

**2.** *Bell* also examined the specific language of the pleading. 923 S.W.2d at 231; *see also Brand v. Savage,* 920 S.W.2d 672, 673–75 (Tex.App.— Houston [1st Dist.] 1995, no writ). We reject any analysis limited to the form of the pleading rather than its substance.