# NO. 12-16-00338-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BUSTER FITZGERALD,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | | |
| | § | *COUNTY COURT AT LAW NO. 2* |
| *THE CADLE COMPANY, AS ASSIGNEE TO TYLER NATIONAL BANK,* *APPELLEE* | | |
| | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Buster Fitzgerald appeals the trial court's granting of a turnover order and the denial of his motion to vacate the turnover order. He presents six issues on appeal. We reverse and remand.

## BACKGROUND

The Cadle Company, as assignee to Tyler National Bank, obtained an agreed judgment against Fitzgerald on March 4, 1988. After a series of attempts to collect the judgment, Cadle filed an application for turnover order on August 26, 2016. In its application, Cadle asked the trial court to order Fitzgerald to turn over royalty payments paid to him under a mineral lease. The trial court granted the application without a hearing on September 28. The order required Fitzgerald to deliver all royalty payments that he both has received and would receive in the future "pursuant to a certain oil, gas and mineral lease…for the property located at 13745 FM 315 N Chandler, Texas[.]" The trial court further ordered Fitzgerald to provide disclosures regarding all of his property and property rights and to file periodic accountings.

Fitzgerald filed a motion to vacate the turnover order on October 4. Fitzgerald argued that the Chandler property is his homestead and that the royalty payments are protected from

turnover because they are exempt proceeds from homestead property. At a hearing on his motion, Fitzgerald also urged that the financial disclosure requirements contained in the order exceed the scope of the turnover statute. Following the hearing, the trial court denied the motion to vacate. This appeal followed.

<u>**TURNOVER ORDER**</u>

In his first and second issues, Fitzgerald contends the trial court abused its discretion when it granted the turnover order. Specifically, he argues Cadle presented insufficient evidence to support the turnover and that the royalty payments are protected because they are exempt.

**<u>Standard of Review and Applicable Law</u>**

The issuance of a turnover order is reviewed under an abuse of discretion standard. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). A trial court may be reversed for abusing its discretion only when the court of appeals finds the court acted in an unreasonable or arbitrary manner or that it acted without reference to any guiding rules and principles. *Id*. Whether there is evidence to support the turnover order is a relevant consideration in determining if the trial court abused its discretionary authority in issuing the order. *Id*. A trial court abuses its discretion by entering a turnover order if there is no evidence of a substantive and probative character that supports the trial court's decision. *Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 948 S.W.2d 317, 324 (Tex. App.—Dallas 1997, writ denied).

A turnover order is a discretionary remedy that, if granted by the trial court, allows a judgment creditor access to the debtor's property to satisfy the judgment. TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (West 2015); Tex. H.B. 1066, 85th Leg., R.S. (2017) (requirement that the property not be readily able to be attached was removed from the statute effective June 15, 2017). The creditor must show the trial court that the debtor owns the property and the property is not exempt. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002. The judgment creditor must also show that the judgment debtor owns the property at issue in the turnover application. *HSM Dev., Inc. v. Barclay Props., Ltd.*, 392 S.W.3d 749, 751 (Tex. App.–Dallas 2012, no pet.); *see also* *Cre8 Int'l, LLC v. Rice*, No. 05–14–00377–CV, 2015 WL 3492629, at *2 (Tex. App.–Dallas June 3, 2015, no pet.) (mem. op).

The judgment debtor then has the burden to show that the property at issue is exempt from attachment, execution, or seizure.  *See Europa Int'l, Ltd. v. Direct Access Trader Corp.*, 315 S.W.3d 654, 656 (Tex. App.–Dallas 2010, no pet.); *see also Rice*, 2015 WL 3492629, at *2. A factual showing that the judgment debtor has nonexempt property is of particular importance in applying section 31.002 of the turnover statute.  *See Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex. 1991).  Upon proof of the necessary facts, section 31.002 authorizes the trial court to order affirmative action by the judgment debtor and others to assist the judgment creditor in subjecting such nonexempt property to satisfaction of the underlying judgment.  *Id*.  A court may not order the turnover of the proceeds of, or the disbursement of, property exempt under any statute.  TEX. CIV. PRAC. & REM. CODE § 31.002(f).

**Analysis**

In his second issue, Fitzgerald urges that his royalty payments are exempt from turnover. He contends that the mineral interests are located on his homestead and, therefore, the royalty payments are proceeds from exempt property.  Cadle argues that Fitzgerald failed to meet his burden to prove that the royalties are exempt.

At the hearing on the motion to vacate, the parties entered into the following agreement:

> Ms. Severt:  In short, we have agreed to stipulate that the property being discussed and the mineral interests are on homestead – on Buster Fitzgerald's homestead.
> The Court:  Is that correct?
> Ms. Syed:  Yes, Your Honor.  For the purposes of this proceeding, we agree to that.

Fitzgerald contends that this interaction resulted in a stipulation that the royalty payments are proceeds from homestead property, which makes them exempt from turnover.  Cadle argues that the stipulation is vague and, therefore, the trial court properly ignored it when weighing the evidence.

A stipulation is an agreement, admission, or concession made in the course of a judicial proceeding by parties or their attorneys and may be used to fix, limit, or modify the issues to be tried.  *First Nat'l Bank in Dallas v. Kinabrew*, 589 S.W.2d 137, 142 (Tex. Civ. App.—Tyler 1979, writ ref'd n.r.e.).  As such, stipulations enjoy equal dignity with judicial admissions, which eliminate an adversary's necessity of proof and establish the admitted elements as a matter of law.  *Valdes v. Moore*, 476 S.W.2d 936, 940 (Tex. Civ. App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.).  It is a settled rule that parties may agree on the truth of specific facts by stipulating

to them, thereby limiting the issues to be tried and binding themselves, the trial court, and the court of appeals. *Geo–Western Petroleum Dev., Inc. v. Mitchell*, 717 S.W.2d 734, 736 (Tex. App.—Waco 1986, no writ). When stipulations comprise the record of the trial court, they will be observed and the reviewing court is bound by those stipulations. *Amoco Prod. Co. v. Tex. Elec. Serv. Co.*, 614 S.W.2d 194, 196 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ). Stipulations are conclusive as to the facts stipulated and to all matters necessarily included therein. *Handelman v. Handelman*, 608 S.W.2d 298, 301 (Tex. Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

In construing a stipulation, a court must determine the intent of the parties from the language used in the entire agreement and the surrounding circumstances, including the state of the pleadings, the allegations made therein, and the attitude of the parties with respect to the issue. *Herschbach v. City of Corpus Christi*, 883 S.W.2d 720, 734 (Tex. App.—Corpus Christi 1994, writ denied); *Discovery Operating, Inc. v. Baskin*, 855 S.W.2d 884, 886–87 (Tex. App.—El Paso 1993, no writ). Only if the stipulation is ambiguous or unclear should it be disregarded by the trial court. *Baskin*, 855 S.W.2d at 886–87.

In this case, the stipulation is clear and unambiguous. The parties expressly agreed, on the record, that the property at issue, i.e., the Chandler property, and the mineral interests therefrom were on Fitzgerald's homestead. Because the stipulation is neither unclear nor ambiguous, the trial court was bound by the stipulation and was not allowed to disregard it. *See id.*; *see also Mitchell*, 717 S.W.2d at 736; *Amoco Prod. Co.*, 614 S.W.2d at 196. Nor was any evidence contradicting the stipulation admissible. *See Perry v. Brooks*, 808 S.W.2d 227, 229 (Tex. App.—Houston [14th Dist.] 1991, no writ).

Nevertheless, at the hearing on Fitzgerald's motion to vacate, Cadle argued that the royalty payments are not exempt from turnover because they are personal property and not exempt under the language of the turnover statute. However, homestead property is exempt from turnover. Tex. Civ. Prac. & Rem. Code Ann. § 32.001(f); Tex. Prop. Code Ann. § 41.001 (West 2014); Tex. Const. art. XVI, § 50. Additionally, when "the homestead claimant owns the surface of the land, the homestead exemption extends to the minerals owned by the homestead claimant under that land." *In re Poer*, 76 B.R. 98, 99 (Bankr. N.D. Tex. 1987). Section 31.002(f) of the turnover statute provides that the *proceeds* or disbursements of property exempt under any statute are not subject to a turnover order. Tex. Civ. Prac. & Rem. Code § 31.002(f)

4

(emphasis added); *see* BLACK'S LAW DICTIONARY 1242 (8th ed. 2004) ("proceeds" constitute the "value of land, goods, or investments when converted into money"). As a result, the statute exempts both proceeds from homestead property and the homestead property itself from turnover. *See* TEX. CIV. PRAC. & REM. CODE § 31.002(f); *see also* **Burns**, 948 S.W.2d at 323 (concluding that proceeds and disbursements from spendthrift trusts are protected from turnover). "[E]ven when property is no longer exempt under any other statute, if it represents proceeds or disbursements of exempt property, it is not subject to a turnover order." **Burns**, 948 S.W.2d at 323.

In this case, the parties' stipulation establishes, as a matter of law, that the subject property is Fitzgerald's homestead, including the mineral interests. *See* **Mitchell**, 717 S.W.2d at 736; *see also* **Amoco Prod. Co.**, 614 S.W.2d at 196; **Handelman**, 608 S.W.2d at 301; **Valdes**, 476 S.W.2d at 940. Because the mineral interests are on homestead property and the exemption extends to those minerals, any royalty payments from those mineral interests represent proceeds from homestead property. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 32.001(f); *see also* TEX. PROP. CODE ANN. § 41.001; TEX. CONST. art. XVI, § 50; **In re Poer**, 76 B.R. at 99. As a result, the royalty payments are protected from turnover and the trial court abused its discretion when it denied Fitzgerald's motion to vacate the turnover order. *See* TEX. CIV. PRAC. & REM. CODE § 31.002(f); *see also* **Burns**, 948 S.W.2d at 323. Accordingly, we sustain Fitzgerald's second issue and need not address his first issue.[1] *See* TEX. R. APP. P. 47.1.

## DISCLOSURES AND ACCOUNTINGS

In his third, fourth, and fifth issues, Fitzgerald contends that the trial court abused its discretion when it ordered him to make certain disclosures and periodic accountings. According to Fitzgerald, the scope of the disclosures is not authorized by the turnover statute.

Along with ordering Fitzgerald to turnover his royalty payments, the trial court's turnover order contained the following provisions:

> …that within ten days of this Order, Buster Fitzgerald fully disclose the nature and extent of all property and property rights wherever situated, whether held in Buster Fitzgerald's name or in the name of others, to which Fitzgerald is or may become entitled, including, but not limited to, all cash, income, interest, dividends, and royalties from producing properties, limited partnership

---

[1] In his first issue, Fitzgerald maintains that no evidence supports the turnover order.

5

interests, and stock from businesses owned by Fitzgerald, plus all real and personal property located in the State of Texas….

…that on or before the 15th day of each month hereafter, Buster Fitzgerald file periodic accountings with the Court to fully disclose the nature and extent of his property and property rights wherever situated, as identified above, and any changes or modifications since the last filing.

Fitzgerald contends that these provisions exceed the scope of the turnover statute because they order him to disclose future assets. He also argues that he cannot be ordered to create documents under the statute and that the order is vague.

Section 31.002(a) of the turnover statute provides that "[a] judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction *or other means* in order to reach property to obtain satisfaction of the judgment if the judgment debtor owns property, including present or future rights to property" that cannot readily be attached or levied on by ordinary legal process and is not exempt from attachment. TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a) (emphasis added). "Although the turnover statute does not specifically provide that a trial court can compel a judgment debtor to execute documents, the statute does not limit the trial court's powers to ordering the turnover of property and documents." *Burns*, 948 S.W.2d at 328. "Rather, the statute provides that a judgment creditor is entitled to aid from a court through injunction 'or other means' to reach the debtor's property." *Id*; *see Newman v. Toy*, 926 S.W.2d 629, 632 (Tex. App.—Austin 1996, writ denied) (trial court's order that judgment debtor file monthly accounting of income and expenses and existence of any deferred or unpaid income to which he was entitled did not exceed scope of relief allowed by turnover statute because trial court could reasonably conclude requirement was necessary to effectuate other provisions of turnover order); *see also Ex parte Johnson*, 654 S.W.2d 415, 419 (Tex. 1983) (orig. proceeding) (turnover order required a complete accounting and return of items, with cash assets to be deposited in registry of court, and non-monetary items turned over to judgment creditors). A trial court has the authority under the turnover statute to require a judgment debtor to provide an accounting of property within his possession, custody, or control as a means to effectuate other provisions of a turnover order. *Goodman v. Compass Bank*, No. 05-15-00812-CV, 2016 WL 4142243, at *8 (Tex. App.—Dallas Aug. 3, 2016, no pet.) (mem. op.); *see Burns*, 948 S.W.2d at 328 ("We conclude a trial court has authority to compel a debtor to execute documents that will aid in collecting a judgment debt.").

In this case, although the trial court had the authority to order Fitzgerald to provide certain documents, such as an accounting, it could only do so with respect to non-exempt property and as a means to effectuate other provisions of the turnover order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a); *see also* **Goodman**, 2016 WL 4142243, at *8; **Burns**, 948 S.W.2d at 328. However, the turnover order's provisions only concerned Fitzgerald's royalty payments. As previously discussed, the royalty payments constitute proceeds from exempt homestead property, and the trial court abused its discretion by ordering Fitzgerald to turn over his exempt royalty payments. Additionally, no evidence was introduced regarding any other property interests allegedly held by Fitzgerald. The trial court could not enter a turnover order without some evidence of non-exempt property. *See* **Stanley v. Reef Sec., Inc**., 314 S.W.3d 659, 666–67 (Tex. App.–Dallas 2010, no pet.) (trial court did not abuse its discretion by ordering turnover of future right to payments that were supported by evidence, but remainder of order requiring turnover of other property not supported by evidence was an abuse of discretion); *see also* **Great N. Energy, Inc. v. Circle Ridge Prod., Inc.**, No. 06-16-00029-CV, 2016 WL 7912458, at *11 n.16 (Tex. App.–Texarkana Sept. 28, 2016, no pet.) (mem. op.) ("We recognize that the turnover statute allows the trial court to enter a turnover order without identifying the specific property subject to the order . . . However, nothing in the statute allows the entry of such an order without evidence to support it.").

Accordingly, because the trial court abused its discretion by ordering the turnover of Fitzgerald's exempt property and there was no evidence pertaining to any other non-exempt property, the ordered disclosures and accountings were not necessary to effectuate other provisions of the turnover order. *See* **Goodman**, 2016 WL 4142243, at *8; *see also* **Burns**, 948 S.W.2d at 328. Thus, the trial court abused its discretion in ordering Fitzgerald to provide the ordered disclosures and periodic accountings. We sustain Fitzgerald's third, fourth, and fifth issues and need not address his sixth issue.[2] *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having sustained Fitzgerald's second, third, fourth, and fifth issues, we *reverse* the judgment of the trial court and *remand* for further proceedings consistent with this opinion.

---

[2] Fitzgerald's sixth issue addresses the lack of a hearing on Cadle's application for a turnover order.

**GREG NEELEY**
Justice

Opinion delivered October 18, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 18, 2017

NO. 12-16-00338-CV

**BUSTER FITZGERALD,**
Appellant
V.
**THE CADLE COMPANY, AS ASSIGNEE TO
TYLER NATIONAL BANK,**
Appellee

Appeal from the County Court at Law No 2

of Smith County, Texas (Tr.Ct.No. 28,156-A)

THIS CAUSE came to be heard on the oral arguments, appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** and that all costs of this appeal are hereby adjudged against the Appellee, **THE CADLE COMPANY, AS ASSIGNEE TO TYLER NATIONAL BANK**, in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*