**M.J.R.'S FARE OF DALLAS, INC.,**
**d/b/a THE Fare, Appellant,**

**v.**

**The PERMIT AND LICENSE APPEAL**
**BOARD OF DALLAS and the City**
**of Dallas, Appellees.**

**No. 05–91–00230–CV.**

Court of Appeals of Texas,
Dallas.

Dec. 5, 1991.

Rehearing Denied Jan. 21, 1992.

Steven H. Swander, Fort Worth, for appellant.

Donald R. Postell, Dallas, for appellees.

Before BAKER, WHITTINGTON, and CHAPMAN, JJ.

## OPINION

BAKER, Justice.

This case involves the City's ordinance governing sexually oriented businesses. M.J.R.'s Fare of Dallas, Inc., d/b/a The Fare, appeals the district court's decision denying the Fare a writ of mandamus and declaratory relief. The Fare contends the trial court erred by failing to make a fact finding supported by the evidence and by determining the Fare waived its right for an evidentiary review because it did not timely appeal. The Fare also contends that the trial court erred by finding the City's ordinance constitutional because it was not vague or ambiguous. We affirm the trial court's judgment.

## THE PROCEDURAL BACKGROUND

In 1986 the City passed an ordinance regulating sexually oriented businesses. The ordinance defines nine types of sexually oriented businesses. The Fare is an adult cabaret as defined in the ordinance and subject to regulation. The ordinance deems each sexually oriented business a nonconforming use if its location is within one thousand feet of another sexually oriented business or a church, school, residential district, or park. The ordinance permits nonconforming businesses to continue for three years unless sooner ended by the business itself. The ordinance provides that after the three-year amortization period only the first established and continually operating sexually oriented business at a particular location may continue to operate. The purpose of the ordinance was to disperse sexually oriented businesses in Dallas by the end of the three-year period.

The ordinance, when enacted, also allowed exemptions. A Permit and License Board decides whether to grant an exemption application based upon listed criteria in the ordinance. An exemption allows a sexually oriented business to continue to oper-

ate for twelve months. At the end of the year, the business may apply for another exemption.

Several sexually oriented businesses, including the Fare, attacked the ordinance on constitutional grounds. The main attack was on the location restriction and the three-year amortization period. These businesses also attacked each provision of the ordinance that applied to them. They claimed the ordinance was vague and overbroad. They claimed the licensure requirement was unconstitutional and that the ordinance vested overbroad discretion in the police chief. A federal district court held the ordinance constitutional in its entirety, except for four subsections. *See Dumas v. City of Dallas*, 648 F.Supp. 1061, 1077 (N.D.Tex.1986). The Fifth Circuit Court of Appeals affirmed the district court. *See FW/PBS, Inc. v. City of Dallas*, 837 F.2d 1298 (5th Cir.1988), *aff'd in part, rev'd in part, and vacated in part*, 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990).

Following this defeat, the Fare and other existing sexually oriented businesses mounted a constitutional attack in state court. This attack was also unsuccessful. *See M.J.R.'s Fare of Dallas v. City of Dallas*, 792 S.W.2d 569 (Tex.App.—Dallas 1990, writ denied). Besides holding res judicata barred the Fare's state court attack, this Court held the ordinance was not void for vagueness and was not violative of either the Texas or United States Constitutions. *See M.J.R.'s Fare of Dallas*, 792 S.W.2d at 577.

The Fare then applied to the Board for an exemption. The Board denied the Fare's exemption application. The Board's order denied the exemption because the Fare "failed to meet the spirit and intent of the code in that there is a concentration of Sexually Oriented Business in the area." The Board entered this order July 18, 1989. The Fare appealed the Board's order to the district court on August 22, 1989.

The Fare petitioned the district court for a declaratory judgment that the "spirit and intent" criterion was unconstitutional. The Fare also requested a writ of mandamus to compel the Board to grant the exemption.

The Board and the City contended that the Fare waived the right to appeal because it did not timely file its petition in the district court. The Board and the City also contended either res judicata or collateral estoppel barred the Fare's constitutional challenge.

The parties then stipulated the facts and the authenticity of the documentary evidence. Following a hearing where the parties presented the stipulated facts and documentary evidence, the trial court determined the Fare did not meet its burden. The trial court entered a judgment denying any relief to the Fare. At the Fare's request, the trial court filed findings of fact and conclusions of law.

## THE BOARD'S DECISION AND THE TRIAL COURT'S FINDINGS OF FACT

### A. The Fare's Contentions

In its first point of error, the Fare contends the trial court erred because it did not find as a fact that the Board used the "spirit and intent" criterion to deny the Fare's exemption from the ordinance's location restrictions. The Fare argues the stipulated evidence compelled this finding. The Fare points out it requested an additional finding of fact about the Board's use of this criterion, which the trial court did not make. The Fare requests we review this alleged error on no evidence and insufficient evidence grounds.

In its third point of error, the Fare contends that the trial court erred by determining the Fare waived its rights to a review of the Board's decision because the Fare appealed more than twenty days after the Board denied the exemption.

### B. The Applicable Law

■ The decision of the Board is final as to administrative remedies. *See* DALLAS, TEX., CODE § 2–96(c) (Supp.1986). Once the Board's decision is final, an applicant may appeal the decision to the state district court. The applicant must appeal to the state district court within twenty days after notice of the Board's final decision.

*See* DALLAS, TEX., CODE § 2-96(d) (Supp. 1986). The Code limits the appeal to a hearing under the Substantial Evidence Rule. *See* DALLAS, TEX., CODE § 2-96(d) (Supp.1986).

To challenge the action of an administrative board, the complaining party must follow the regulations of that body. If the complaining party does not do so, the district court has no jurisdiction. *See Butler v. State Board of Education,* 581 S.W.2d 751, 754 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.).

### C. Application of the Law to the Facts

The Board entered its order on July 18, 1989. The Fare did not appeal to the district court until August 22, 1989. Points of error one and three implicate the Board's fact finding processes. The City asserted the court lacked jurisdiction to consider the appeal insofar as it involved the Board's decision. When the trial court heard this case, the Fare's counsel conceded the Fare had no grounds for a substantial evidence review because of the untimely appeal. The Fare's counsel also conceded the only issue before the court was its common law action challenging the constitutionality of the "spirit and intent" criterion of the ordinance. At oral argument before this court, the Fare conceded it waived these two points invoking a substantial evidence review. We overrule points of error one and three.

### THE "SPIRIT AND INTENT" CRITERION—CONSTITUTIONALLY VOID FOR VAGUENESS

#### A. The Fare's Contentions

In its second point of error, the Fare contends that the "spirit and intent" criterion found in the exemption part of the ordinance is constitutionally void for vagueness. The Fare argues that this criterion provides no objective standard upon which to base an administrative decision, giving the Board unbridled discretion in reaching its conclusions. The Fare also argues that the "spirit and intent" criterion has no link to any objective criteria. The Fare claims the criterion is standardless and the Board

cannot use it to make discretionary decisions. It argues that what is "spirit and intent" is changeable in each case and that an applicant cannot know what evidence addresses such criterion. The Fare argues this criterion violates due process as well as the first amendment to the United States Constitution and article I, section 8, of the Texas Constitution.

#### B. The City's Response

The City contends res judicata or collateral estoppel bars the Fare's constitutional arguments. The City pleaded and argued that decisions of both the federal courts and this Court barred the Fare from litigating the constitutionality of the ordinance on the grounds asserted. The City relies on *Dumas v. The City of Dallas,* 648 F.Supp. 1061 (N.D.Tex.1986), *aff'd sub nom. FW/PBS, Inc. v. City of Dallas,* 837 F.2d 1298 (5th Cir.1988), *aff'd in part, rev'd in part, and vacated in part,* 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990), and *M.J.R.'s Fare of Dallas, Inc. v. City of Dallas,* 792 S.W.2d 569 (Tex.App.—Dallas 1990, writ denied), in support of this argument.

#### C. The Pleadings and Evidence

The parties did not present any contested fact issues to the trial court. The parties stipulated in writing about what occurred at the Board hearing. The parties stipulated to the documentary evidence used in the Board hearing. The City raised res judicata in its answer as a bar to the Fare relitigating the ordinance's constitutionality. During trial, the City called the court's attention to the Fare's previous attack on the constitutionality of the ordinance. The City argued both the *Dumas* and *M.J.R.'s Fare* cases to the trial court.

#### D. Applicable Law

##### 1. *Stipulations of Fact*

The parties stipulated to the facts and documentary evidence. These stipulations are binding upon the parties, the trial court, and the reviewing court. *Perry v. Brooks,* 808 S.W.2d 227, 229 (Tex.App.—

Houston [14th Dist.] 1991, no writ); *Geo-Western Petroleum Dev., Inc. v. Mitchell,* 717 S.W.2d 734, 736 (Tex.App.—Waco 1986, no writ). The single issue on appeal is the correctness of the application of the law to the admitted facts. The trial court and the reviewing court are bound by the agreed facts. The trial court cannot make any findings of fact which do not conform to the stipulated facts. *See Reed v. Valley Federal Sav. and Loan Co.,* 655 S.W.2d 259, 264 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

### 2. *Harmless Error*

 We may not reverse a case where the trial court commits an error of law unless we find the error amounts to such a denial of the appellant's rights that it was reasonably calculated to cause—and probably did cause—the rendition of an improper judgment. Tex.R.App.P. 81(b)(1). We affirm the trial court's judgment if we can sustain it on any theory suggested by the pleadings and evidence and authorized by law. *See Keaton v. Ybarra,* 552 S.W.2d 612, 616 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). We affirm the trial court's judgment regardless of whether the trial court gives the correct legal reason for the judgment it enters or whether any reason is given at all. *See Gulf Land Co. v. Atlantic Refining Co.,* 134 Tex. 59, 131 S.W.2d 73, 84 (1939); *Pope v. American Nat'l Ins. Co.,* 443 S.W.2d 377, 381 (Tex. Civ.App.—Tyler 1969, writ ref'd n.r.e.).

### 3. *Res Judicata*

The doctrine of res judicata states that a cause of action once finally determined between the parties by a competent court is not subject to new proceedings before the same or any other court. *See Texas Water Rights Comm'n v. Crow Iron Works,* 582 S.W.2d 768, 771 (Tex.1979). The scope of res judicata exceeds matters actually litigated. The judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated but also on causes of action or defenses arising out of the same subject matter which might have been litigated in the first suit. *Crow Iron Works,*

582 S.W.2d at 771–72; *see also S.O.C. Home Owners Ass'n v. City of Sachse,* 741 S.W.2d 542, 544 (Tex.App.—Dallas 1987, no writ).

### E. Application of the Law to the Facts

The trial court had no contested fact issues before it. The stipulations of fact and documents bind the parties, the trial court, and this Court. *Perry,* 808 S.W.2d at 229. The City raised the doctrine of res judicata in its pleadings and presented that defense to the court at trial. We sustain the trial court's judgment on res judicata. *See M.J.R.'s Fare of Dallas,* 792 S.W.2d at 577. We conclude the Fare has not shown the trial court's error amounted to such denial of its rights as was reasonably calculated to cause—and probably did cause—rendition of an improper judgment. We overrule appellant's second point of error.

We affirm the trial court's judgment.